IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| | |
|---|---|
| RITA OPIE, | CV 16-159-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER |
| CVS CAREMARK, | |
| Defendant. | |

I. **Introduction**

CVS Caremark has moved to dismiss Rita Opie's Amended Complaint and to Compel Arbitration of Plaintiff's Claims. (Doc. 3). On June 30, 2017, Magistrate Judge Timothy Cavan issued his Findings and Recommendations recommending that this Court deny CVS's motion to dismiss but grant its motion to compel arbitration. (Doc. 23).

When a party timely objects to any portion of the magistrate judge's Findings and Recommendations, the district court must conduct a de novo review of the portions of the Findings and Recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C); *McDonnell Douglas Corp. v. Commodore*

1

*Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981). The district court may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1). The district court is not required to review the factual and legal conclusions of the magistrate judge to which the parties do not object. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Opie filed timely objections to Judge Cavan's Findings and Recommendations. (Docs. 25). After independently reviewing and considering Opie's objections and CVS's response, this Court adopts Judge Cavan's findings and recommendations, as set forth below.

## II. Relevant Background

Opie does not object to the factual history contained in the Background section of Judge Cavan's Findings and Recommendations. Judge Cavan's Background section is therefore adopted in full.

## III. Applicable Law

### A. Legal Standard

Here, because the Arbitration Policy here is made between citizens of different states and involves interstate commerce, the Federal Arbitration Act governs. *See Elmore v. CVS Pharmacy, Inc.*, 2016 WL 6635625, *3 (C.D. Cal. Nov. 9, 2016) (finding the FAA governed the same CVS Arbitration Policy that is

at issue in this action). The FAA provides that an agreement to arbitrate disputes arising from a contract shall be "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "The Court's role under the [FAA] is . . . limited to determining (1) whether a valid agreement to arbitrate exists and, if it does (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). The burden of establishing these two elements is on the party seeking to compel arbitration. *Ashbey v. Archstone Property Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses Ashbey v. Archstone Property Mgmt., Inc.*, 460 U.S. 1, 24-25 (1983), *superseded by statute on other grounds*. Because arbitration is a matter of contract, however, "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986).

When considering a motion to compel arbitration, the court applies a standard similar to the summary judgment standard of Federal Rule of Civil Procedure 56(a). *Three Valleys Municipal Water District v. E.F Hutton & Company Inc.*, 925 F.2d 1136, 1141 (9th Cir. 1991) *see also Concat LP v. Unilever, PLC*, 350 F.Supp.2d 796, 804 (N.D. Cal. 2004). A court may consider

evidence outside of the pleadings, such as declarations and other documents filed with the court. *Id.*

## IV. Discussion

Opie objects to Judge Cavan's factual finding that she consented to the Arbitration Policy. In Opie's Objection A to Judge Cavan's recommendations, she argues that Judge Cavan erred in recommending that the arbitration agreement was legal under Montana law. (Doc. 25 at 1-6). Her remaining objections B-K consist of a duplication of her arguments already presented to Judge Cavan. (*Id.* at 6-9). As explained below, in light of the requirements of the Federal Rules of Civil Procedure, the court declines to engage in de novo review of those objections.

Federal Rule of Civil Procedure 72 provides that a party may serve and file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72. The local rule of civil procedure goes on to state that such written objections shall specify "each recommendation of the magistrate judge to which objection is made, setting forth the authority the party relies on to contradict that recommendation." D. Mont. L. R. 72.3(a)(2). In other words, an objecting party must identify specific errors in the magistrate judge's analysis without simply rehashing arguments already raised to the magistrate judge. *See, e.g., Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (holding that "[a]lthough petitioner filed written objections to the magistrate's findings, these objections consisted

solely of a copy of the brief filed to support the original habeas petition to the district court. . . . [Petitioner] thus did not raise a factual objection by merely rearguing arguments contained in the original petition."); *see also Goney v. Clark*, 749 F.2d 5, 7 (3rd Cir.1984) ("We are satisfied that providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process.").

In this case, Opie's Objections B-K, (Doc. 25 at 6-9), are essentially a verbatim recitation of the same arguments in her memorandum in support of her brief in opposition to arbitration presented to Judge Cavan. (*See* Doc. 10 at 10-12). To now re-address these issues would simply duplicate Judge Cavan's efforts and defeat any benefit of judicial efficiency gained through his Findings and Recommendations. Accordingly, the court will review Opie's Objections B-K for clear error.

### 1. Opie consented to the Arbitration Policy.

In his Findings and Recommendations, Judge Cavan determined that Opie consented to CVS' Arbitration Policy because, after acknowledging and reviewing it, Opie did not opt out of the Policy and continued her employment with CVS. (Doc. 23 at 19). Opie argues that this finding was erroneous. Other than her disagreement with the finding, however, Opie fails to provide this court with any

substantive argument in support of her position. She reiterates that she testified in her affidavit that she never executed an agreement which waived her right to jury trial. (Doc. 25 at 2). But Judge Cavan appropriately found that "a conclusory, self-serving affidavit lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." (Doc. 23 at 17, citing *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997)).

Opie's self-serving statement stands in stark contrast to CVS' records which show that she completed the online training course regarding the Arbitration Policy. The online training required Opie to acknowledge the Arbitration Policy and Arbitration Policy Guide, described her rights relating to arbitration, how the Policy would be accepted, and how she could opt-out if she wished. (Doc. 4-1 at 7, 16, 21-33). Further, CVS' records show that to complete the training course, Opie had to electronically sign an Acknowledgement Form confirming that she read the Policy and understood that she had thirty days to opt out. (*Id.* at 18, 33). Finally, the records demonstrate that Opie continued to work for CVS and never attempted to opt out of the Arbitration Policy at any time. (*Id.* at 7).

The court agrees with Judge Cavan that this evidence demonstrates that Opie undisputedly consented to the Arbitration Agreement by not opting out and by continuing her employment after having acknowledged reviewing the Policy. *See Olsen v. Johnston*, 368 Mont. 347, 350 (2013) ("Parties have consented if, based

6

on their words and conduct, a reasonable person would conclude that they intended to be bound by the contract.").

## 2. The Arbitration Agreement is adequate under the FAA.

Next, Opie argues that no arbitration agreement exists because she did not sign a written agreement waiving her right to a jury trial, which is required under Montana law. (Doc. 25 at 3). In support of her argument, Opie relies on the Montana Supreme Court's decision in *Kortum-Managhan v. Herbergers NBGL*, 204 P.3d 693 (Mont. 2009). In *Mortenson*, the Court held that adding an arbitration clause to a credit agreement using a "bill stuffer" did not provide sufficient notice for the customer to voluntarily, knowingly, and intelligently waive her right to a jury trial. *Id.* at 698-700. The Court found that the addition of the arbitration clause in this manner was not within the plaintiff's reasonable expectations and that the waiver of the right to a jury trial must have been made voluntarily, knowingly, and intelligently. *Id.* at 698-699.

Opie's argument is unavailing. As Judge Cavan thoroughly explained, this matter is governed by the Federal Arbitration Act (FAA). (Doc. 23 at 9-10). The Ninth Circuit has unequivocally held that the FAA preempts Montana's reasonable expectations and fundamental rights rule. *Mortenson v. Bresnan Commc'ns, LLC*, 722 F.3d 1151, 1159 (9th Cir. 2013). There, the Court rejected Opie's exact argument, and held that Montana's reasonable expectations and fundamental rights

7

rule runs contrary to the FAA "because it disproportionately applies to arbitration agreements." *Id.* at 1161. In reaching this decision, the Court made clear that "[a]ny general state-law contract defense, based in unconscionability or otherwise, that has a disproportionate effect on arbitration is displaced by the FAA." *Id.* at 1159. This court agrees with Judge Cavan that Montana's reasonable expectations and fundamental rights provision does not apply in this case.

### 3. Objections B-K

After reviewing Judge Cavan's Findings and Recommendations, this court does not find that Judge Cavan committed clear error with respect to the issues contained in Opie's Objections B-K.

## V. Conclusion

For the reasons set forth above, IT IS ORDERED that United States Magistrate Judge Cavan's proposed Findings and Recommendations (Doc. 21) are ADOPTED.

IT IS FURTHER ORDERED that CVS' Motion to Dismiss is DENIED, and CVS' Motion to Compel Arbitration is GRANTED. This action shall be STAYED pending arbitration in accordance with the parties' agreement.

DATED this 23rd day of August 2017.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge